Matter of Diet Drug Litig. v Wyeth-Ayerst Labs. (2020 NY Slip Op 00993)





Matter of Diet Drug Litig. v Wyeth-Ayerst Labs.


2020 NY Slip Op 00993


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10998N 105122/09

[*1] In re Diet Drug Litigation 
Clara Appel-Hole, et al., Plaintiffs-Appellants,
v
Wyeth-Ayerst Laboratories, et al., Defendants, Paul J. Napoli, et al., Defendants-Respondents.


Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for appellants.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Eric Alan Stone of counsel), for Paul J. Napoli, Napoli Kaiser & Associates LLP, Napoli Kaiser Bern LLP, Napoli Kaiser Bern & Associates LLP, and Napoli Kaiser & Bern, P.C., respondents.
Ropers Majeski Kohn & Bentley, P.C., New York (Christopher B. Hitchcock of counsel), for Marc J. Bern and Law Office of Marc J. Bern, respondents.
Godosky & Gentile, P.C., New York (Anthony Gentile of counsel), for Gerald Kaiser, respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered June 25, 2019, which granted defendants-respondents' (defendants) motion to disqualify attorneys from Parker Waichman LLP (the Parker firm) from representing plaintiffs at their depositions in this action, unanimously affirmed, without costs.
The court correctly determined that provisions of the Rules of Professional Conduct (22 NYCRR 1200.0) applied to the facts at issue and prohibit current associates at the Parker firm from representing plaintiffs in this case. Specifically, rule 3.7(a) provides that "[a] lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact," which is the case here. This rule extends to associate attorneys that practice within the same firm as the potential witness pursuant to rule 3.7(b)(1). It was uncontested before the motion court that the witnesses from the Parker firm would be material witnesses. At oral argument, defendants' counsel represented that it was "undisputed" that Mr. Parker would be a material witness, and plaintiffs' counsel did not respond or object. Regardless, it is undeniable that the Parker firm witnesses will provide material and necessary testimony at trial. In fact, this Court has previously recognized the potential materiality of the Parker firm witnesses' testimony in holding that their knowledge of the circumstances surrounding the underlying settlement agreements would be imputed to plaintiffs, and could result in plaintiffs' claims being dismissed (see Matter of Diet Drug Litig., 155 AD3d 450, 451 [1st Dept 2017]).
Nor will plaintiffs be prejudiced by the disqualification order. Plaintiffs' counsel has represented plaintiffs for the more than 10 years that this action has been pending.
Furthermore, plaintiffs' argument that the disqualification motion should be barred because it is untimely is unavailing. The Parker firm has not appeared in this lawsuit, and defendants brought the issue to the court's attention immediately after it was put on notice of the conflict.
We have considered plaintiffs' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK